UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUDITH NEWHOUSE,

                              Plaintiff,

       -against-

NEW YORK CITY HOUSING AUTHORITY and
DAMON C. BARNARD,

                             Defendants.
---------------------------------------------------------------X

Civil Action No.

**COMPLAINT AND JURY DEMAND**

Trial by Jury Demanded

Plaintiff, JUDITH NEWHOUSE, by her attorneys HAICKEN LAW PLLC as and for her Complaint against the Defendants, NEW YORK CITY HOUSING AUTHORITY and DAMON C. BARNARD, alleges that at all times hereinafter mentioned:

1. Plaintiff JUDITH NEWHOUSE is a citizen of the State of Pennsylvania.

2. That on June 6, 2022, and at all times herein mentioned, Defendant NEW YORK CITY HOUSING AUTHORITY was, and still is a public-benefit authority, organized and existing under and by virtue of the laws of the State of New York.

3. Defendant DAMON C. BARNARD is a citizen of the State of New Jersey.

4. The matter in controversy exceeds the sum of $75,000 exclusive of costs and interest.

5. This Court has jurisdiction pursuant to 28 U.S.C.§1332 (a) by virtue of the diversity of citizenship of the parties and the amount in controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) (1).

7. That in accordance with the November 18, 2022 Stipulation so-ordered by Justice Ingrid Joseph of the Supreme Court, Kings County, Defendant NEW YORK CITY HOUSING AUTHORITY agreed to accept, as timely, the Plaintiff's Notice of Claim dated October 4, 2022.

8. That the sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demand for adjustment thereof was accepted on the Plaintiff's behalf by the NEW YORK CITY HOUSING AUTHORITY and that thereafter said NEW YORK CITY HOUSING AUTHORITY refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action has been commenced.

9. That on January 11, 2023 a hearing was held pursuant to General Municipal Law 50-h.

10. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

11. That on June 6, 2022 the defendant NEW YORK CITY HOUSING AUTHORITY was the owner of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

12. That on June 6, 2022 the defendant NEW YORK CITY HOUSING AUTHORITY was the lessor of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

13. That on June 6, 2022 the defendant NEW YORK CITY HOUSING AUTHORITY was the lessee of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

14. That on June 6, 2022 the defendant NEW YORK CITY HOUSING AUTHORITY controlled a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

15. That on June 6, 2022 the defendant NEW YORK CITY HOUSING AUTHORITY managed a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

16. That on June 6, 2022 the defendant NEW YORK CITY HOUSING AUTHORITY was responsible for the maintenance and repair of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

17. That on June 6, 2022 the defendant DAMON C. BARNARD was the owner of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

18. That on June 6, 2022 the defendant DAMON C. BARNARD was the lessor of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

19. That on June 6, 2022 the defendant DAMON C. BARNARD was the lessee of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

20. That on June 6, 2022 the defendant DAMON C. BARNARD controlled a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

21. That on June 6, 2022 the defendant DAMON C. BARNARD managed a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

22. That on June 6, 2022 the defendant DAMON C. BARNARD was responsible for the maintenance and repair of a 2017 Ford motor vehicle bearing New York State registration number AZ5518.

23. That on June 6, 2022 the defendant DAMON C. BARNARD was an employee of the defendant NEW YORK CITY HOUSING AUTHORITY

24. That on June 6, 2022 defendant DAMON C. BARNARD was an agent of defendant NEW YORK CITY HOUSING AUTHORITY.

25. That on June 6, 2022 the defendant DAMON C. BARNARD was an employee of the defendant NEW YORK CITY HOUSING AUTHORITY and was acting within the scope of his employment.

26. That on June 6, 2022 defendant DAMON C. BARNARD was in physical charge, operation and control of the aforesaid vehicle with the knowledge, consent and permission, either express or implied, of defendant NEW YORK CITY HOUSING AUTHORITY.

27. That on June 6, 2022 defendant NEW YORK CITY HOUSING AUTHORITY. was vicariously liable for the negligence of defendant, DAMON C. BARNARD.

28. That on June 6, 2022 the intersection at or near Dean Street and Washington Avenue, Brooklyn, New York was and still is a public roadway and/or thoroughfare.

29. That on June 6, 2022 the plaintiff JUDITH NEWHOUSE was a pedestrian lawfully walking at or near the intersection of Dean Street and Washington Avenue, Brooklyn, New York.

30. That on June 6, 2022 the defendant DAMON C. BARNARD was operating the aforementioned motor vehicle at or near the intersection of Dean Street and Washington Avenue, Brooklyn, New York.

31. That on June 6, 2022 the motor vehicle operated by defendant DAMON C. BARNARD struck the pedestrian plaintiff JUDITH NEWHOUSE.

32. That on June 6, 2022 the motor vehicle operated by defendant DAMON C. BARNARD came in contact with the pedestrian plaintiff JUDITH NEWHOUSE.

33. That on June 6, 2022 the motor vehicle operated by defendant DAMON C. BARNARD failed to yield the right of way to the pedestrian plaintiff JUDITH NEWHOUSE.

34. That on June 6, 2022 defendant DAMON C. BARNARD failed to observe the plaintiff JUDITH NEWHOUSE a lawful pedestrian.

35. That as a result of the aforementioned, plaintiff JUDITH NEWHOUSE sustained serious, severe and permanent personal injuries.

36. That the aforesaid occurrence and the injuries sustained by plaintiff JUDITH NEWHOUSE were caused wholly and solely by reason of the negligent ownership, operation, management, maintenance, control and repair of the aforesaid motor vehicle of defendants NEW YORK CITY HOUSING AUTHORITY and DAMON C. BARNARD without any negligence on the part of the plaintiff JUDITH NEWHOUSE contributing thereto.

37. That defendants NEW YORK CITY HOUSING AUTHORITY and DAMON C. BARNARD were negligent, careless and reckless in the ownership, operation, leasing, management, maintenance, control and repair of the aforesaid vehicle; in negligently, carelessly and recklessly striking the plaintiff, a lawful pedestrian; in failing to yield the right of way to plaintiff, a lawful pedestrian; in failing to keep a proper lookout; in failing to keep proper control of the aforementioned motor vehicle; in operating the motor vehicle at excessive rate of speed; in failing to see what there was to be seen under the circumstances; and said defendants were otherwise negligent, careless and reckless under the circumstances then and there existing.

38. That by reason of the foregoing, this plaintiff JUDITH NEWHOUSE sustained a serious injury, as defined in Insurance Law Section 5102 (d), and has sustained economic loss greater than basic economic loss as defined in Insurance Law Section 5102 (d).

39. That this action falls within one or more of the exceptions set forth in CPLR §1602.

40. By reason of the foregoing, the Plaintiff JUDITH NEWHOUSE sustained severe injuries and damages, including but not limited to multiple fractures and tearing of the left wrist, was rendered sick, sore, lame and disabled, sustained severe pain and mental anguish, great physical and emotional upset all of which injuries are permanent in both nature and duration, and

has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses and lost earnings, all to her damage in a sum that exceeds $75,000.00.

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, JUDITH NEWHOUSE demands trial by jury in this action of all issues so triable.

WHEREFORE Plaintiff, JUDITH NEWHOUSE, respectfully requests that the Court grant relief as follows:

Awarding damages to Plaintiff, JUDITH NEWHOUSE

I. for past and future medical expenses, personal injuries and pain and suffering in the total amount of Five Million Dollars ($5,000,000)

II. the costs of this action and for

III. Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
March 18, 2023

Yours, etc.,

HAICKEN LAW PLLC

*Matthew Haicken, Esq.*
_____
BY: MATTHEW HAICKEN, ESQ. (MH2990)
Attorney for Plaintiff
JUDITH NEWHOUSE
11 Broadway, Suite 615
New York, New York 10004
(212) 592-8326